## U.S. DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| ELizabeth CRAWFORD, ) <br> Post Office Box 8701 ) <br> Charleston, WV 25303, ) <br> ) <br>      Plaintiff, ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> HOUSE OF REPRESENTATIVES ) <br> SERVE: ) <br>     Kerry W. Kircher, Esquire ) <br>     General Counsel ) <br>     U.S. House of Representatives ) <br>     219 Cannon Office Bldg. ) <br>     Washington, D.C. 20515 ) <br> and ) <br> CHRIS TUDOR, ) <br> c/o Congressman Tom McClintock ) <br> 434 Cannon Office Building ) <br> Washington, D.C. 20515 ) <br> ) <br>      Defendants. ) | Civil Action No. _____ |

## COMPLAINT

1. Jurisdiction is founded in this Court, based upon 28 U.S.C. §1346(b), §1402(b) and §2671 et seq.

2. Pursuant to the Federal Tort Claims Act, 28 U.S.C. §2674, on June 24, 2014, Plaintiff, ELIZABETH CRAWFORD, through her counsel, mailed Standard Form 95 (Claim for Damage, Injury or Death) to the Office of General Counsel, United States House of Representatives, for review and processing, which was received on July 3, 2014. At the time of this filing, the United States House of Representatives has failed to respond to the claim and has offered no amount to the Plaintiff. Therefore, in accordance with the Federal Tort Claims Act, Plaintiff deems that a final decision of rejection on this claim has been rendered by the United States House of Representatives.

3. Plaintiff is an adult resident of the State of West Virginia.

4. Defendant, UNITED STATES OF AMERICA, through its agent, the United States House of Representatives, a United States Government Agency, was at all relevant times herein the owner, occupant and manager of the office building located at 434 Cannon House Office Building, Washington, D.C., where Plaintiff was injured.

5. Chris Tudor ("Tudor") is an adult who, upon information and belief, resides in the State of Maryland. At all relevant times herein, Tudor was an employee of The U.S. House of Representatives working for U.S. Congressman Tom McClintock ("McClintock") in Washington, D.C.

## STATEMENT OF FACTS

6. On January 24, 2013 Plaintiff was an invitee in McClintock's office at 434 Cannon House Office Building (the "Premises").

7. Plaintiff was sitting in the waiting area in McClintock's office and she dropped her pen on the floor. As Plaintiff went to pick the pen up, she was bit on her right index finger by a dog named "Who Dey".

8. Tudor is the owner of Who Dey and upon information and belief regularly brought "Who Dey" to McClintock's office with McClintock's permission and consent.

9. On January 24, 2013, Who Dey did not have current rabies vaccinations.

10. Tudor knew or should have known that Who Dey had vicious tendencies and that "Who Dey" did not have a current rabies vaccination.

11. At all times herein, Who Dey was not on a leash or secured in any way.

12. Plaintiff did nothing to provoke the dog.

13. At all times herein, there were no posted signs or warnings.

## COUNT I
### (Premises Liability against U.S. House of Representatives)

14. The Plaintiff realleges the allegations set-forth in Paragraphs 1 through 13 and incorporates them herein.

15. As the owner and occupant of the Premises, a place of business to which the general public is invited, Defendant, through its agents and employees had a duty to use reasonable care:

    a. to avoid allowing unsafe or dangerous conditions to exist on the Premises;

    b. to make reasonable inspections, from time to time, to determine whether such conditions exist;

    c. to keep and maintain the Premises, in a reasonably safe condition;

    d. to exercise, at all times, ordinary care to protect invitees while on the Premises;

    e. to warn invitees on the Premises of any unreasonable, unsafe or dangerous conditions which are known to, or should be known to, Defendant and/or its agents or employees; and

    f. to prevent a vicious dog without a current rabies vaccination on the Premises.

16. Notwithstanding these duties, on or about January 24, 2013, upon information and belief, Defendant, through its agents and/or employees, negligently allowed "Who Dey" unleashed and unattended, without a current rabies vaccination, in the Premises, thereby creating an unsafe and hazardous condition.

17. The Defendant failed to control the dog and failed to warn the Plaintiff of its existence.

18. The Defendants' negligence, as aforesaid, was the direct, foreseeable and proximate cause of the Plaintiff sustaining severe and permanent bodily injuries and mental anguish; she has incurred medical expenses attempting to cure herself of such injuries; and her normal social and recreational activities have been curtailed.

## COUNT II
### (Negligence against Tudor)

19. The Plaintiff realleges the allegations set-forth in Paragraphs 1 through 18 and incorporates them herein.

20. Tudor owed a duty to the Plaintiff to properly restrain "Who Dey" and keep "Who Dey" properly immunized.

21. Tudor breached his duty owed to Plaintiff by failing to properly restrain Who Dey and to properly immunize Who Dey.

22. That as a direct and proximate result of the negligence of Tudor, Plaintiff suffered personal injuries causing her pain and mental anguish.

23. That as a further direct and proximate result of the negligence of Tudor, Plaintiff incurred medical expenses.

WHEREFORE, the Plaintiff, ELIZABETH CRAWFORD, demands judgment against the Defendant, UNITED STATES HOUSE OF REPRESENTATIVES and CHRIS TUDOR, jointly and severally, in the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00), plus interest from January 24, 2013 and her costs in this behalf expended.

Respectfully submitted by:

Benjamin D. Pelton, DCB #955955
Counsel for Plaintiff
2300 Clarendon Blvd., Suite 700
Arlington, Virginia 22201
(703) 524-0770 (Phone)
(703) 522-4570 (Fax)
bpeltonlaw@aol.com